UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AP ORANGEVALE, LLC.,

Plaintiff,

v.

LONGS DRUG STORES CALIFORNIA, LLC., et al.

Defendants.

No. 2:25-cv-00688 DJC-AC

ORDER

Before the Court is Defendants' Motion to Stay Proceedings (ECF No. 20), which asks the Court to stay this action pending a decision from the California Court of Appeals in *Cable Park Property Owner, LLC. v. AP Orangevale, LLC.,* No. C102561 (Cal. Ct. App. Nov. 8, 2024) ("*Cable Park*"). Defendants' Motion is fully briefed and was taken under submission without oral argument pursuant to Local Rule 230(g). (Mot.; Opp'n (ECF No. 21); Reply (ECF No. 27); ECF No. 30.)

For the reasons below, Defendants' Motion to Stay Proceedings is granted.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S.

248, 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [ ] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. The *Landis* factors guide the analysis of when a stay is appropriate and include: (1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Whether a stay serves the orderly course of justice may be measured, in part, by the likelihood that the stay results in "the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## DISCUSSION

Plaintiff's three causes of action concern two commercial lease agreements: a ground lease agreement between Cable Park Property Owner, LLC. ("Cable Park"), the owners of the commercial property here, and Plaintiff AP Orangevale, LLC., the property's "master tenant," as well as a sublease agreement between Plaintiff and Defendants, the property's sublessors. (*See* Compl. (ECF No. 1, Ex. A).) Plaintiff's first cause of action alleges breach of the sublease by Defendants, and Plaintiff's second and third causes of action (for intentional interference with contractual relations and violation of California Penal Code section 496) relate to the ground lease. (*See* Compl. at ¶¶ 68, 76.)

This ground lease was the subject of a separate unlawful detainer action in Sacramento County Superior Court between Cable Park and Plaintiff, in which the parties disputed whether the lease expired in 2022 or had been validly extended to 2052. *See Cable Park Property Owner, LLC. v. AP Orangevale LLC.,* No. 34-2023-00337703 (Cal. Super. Ct. 2024). That decision, which found based on a large and complex factual record that the ground lease expired in 2022, is currently pending on

appeal before the California Court of Appeals. *See Cable Park,* No. C102561. Respondent's brief is currently scheduled to be filed in the appeal by September 30, 2026. Extension of Time, *Cable Park,* No. C102561 (Sept. 4, 2026).

Defendant argues that a stay in these proceedings pending the California Court of Appeals' resolution of *Cable Park* would serve the orderly course of justice because there is considerable overlap between the factual and legal issues involved in the appeal and in the present action. (Mot. at 20.) Defendants therefore argue that a stay in these proceedings would both prevent the Parties from re-litigating factual and legal issues determined by the state courts and, accordingly, head off the possibility of inconsistent judgments. (Mot. at 6.) Addressing the remaining *Landis* factors, Defendants argue that they will experience hardship if "forced to litigate factual and legal issues that already have been decided," and that Plaintiff will not be prejudiced by a delay in receiving any money damages due to them if they prevail in this suit. (Mot. at 14-15.)

Plaintiff, on the other hand, argues that they would experience hardship if forced to delay adjudication of their breach of contract claim under the sublease agreement and assert that Defendants would not be prejudiced by having to engage in the case's ongoing motion practice. (Opp'n at 5-6.) Regarding the orderly course of justice, Plaintiff argues that their cause of action for breach of the sublease agreement is completely independent of any ground lease issues which may be determined or simplified by the Court of Appeals' resolution of the *Cable Park* appeal, and therefore that this Court should "decide that [sublease] issue now without waiting for the Court of Appeal." (*See* Opp'n at 4.) Plaintiff's breach of contract claim under the sublease agreement partially concerns an allegedly wrongfully-withheld 2026 payment of liquidated damages, which Plaintiff claims Defendants owed them after Plaintiff elected to terminate the sublease effective May 1, 2026. (*See* Opp'n at 4.) After Defendants moved for a stay, Plaintiff filed a Motion for Partial Summary Judgment on this issue. (ECF No. 22.)

Defendants, however, assert that Plaintiff's breach of contract claim under the sublease is not independent of the ground lease issues that will be addressed by the Court of Appeals in *Cable Park,* and therefore that adjudication of Plaintiff's breach of contract claim in this Court risks inconsistent judgments. (Reply at 3, 11.) Defendants argue that the question of whether the ground lease expired – rather than terminated – in 2022 is central to whether the sublease's liquidated damages provision was validly triggered or was enforceable under background principles of contract interpretation. (Reply at 4.) The Court declines to resolve this dispute at this time. At a minimum, however, the Court observes that several of the sublease agreement's provisions at issue in this case – a so-called "hell or high water provision" and provisions governing indemnification and payment, including payment of liquidated damages – make explicit reference to the ground lease. (*See* Compl. at ¶¶ 36, 39; Reply at 4.) Because the facts surrounding the expiration or termination of the ground lease are directly at issue in the *Cable Park* appeal, the Court finds that proceeding in this case without a stay raises a sufficiently serious possibility of inconsistent rulings with the findings of the state trial and appellate courts. Thus, the orderly course of justice would be served by staying these proceedings.

Regarding the remaining *Landis* factors, the Court finds that Defendants are likely to suffer hardship if a stay is not granted. While "being required to defend a suit, without more, does not constitute [prejudice]," *Lockyer,* 398 F.3d at 1112, courts have observed that "conducting substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1062 (E.D. Cal. 2023). Here, setting aside the Parties' dispute over whether the sublease agreement's liquidated damages provision was validly triggered, a stay will likely at minimum spare both parties costly pretrial motion practice – and potentially discovery – on Plaintiff's claims related to the ground lease. This tips the balance towards staying the proceedings. And because Plaintiff seeks

monetary damages in this case rather than injunctive relief, Plaintiff is not likely to suffer significant prejudice if, as a result of a brief stay, they experience a modest delay in any monetary recovery resulting from success on the merits. Thus, this factor also weighs in favor of granting a stay.

**CONCLUSION**

Because a stay in these proceedings pending the California Court of Appeals' decision in the *Cable Park* appeal will serve the interests of efficiency, fairness, and promote the orderly course of justice of with minimal harm to the Parties, IT IS HEREBY ORDERED that Defendants' motion to stay the proceedings (ECF No. 20) is GRANTED. Within seven (7) days of the California Court of Appeals rendering a decision in *Cable Park* the Parties are ordered to file a joint status report informing the Court of the decision and suggesting appropriate procedural next steps.

IT IS SO ORDERED.

Dated: **September 15, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – APOrangevale25cv00688.mts